UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEFFREY JEFFERS,

                        Plaintiff,

                        v.                        9:99-CV-335
                                                              (FJS/GHL)

JOHN DOE, Sgt. at Watertown Corr. Facility;
JOHN DOE, Correctional Officer at Watertown
Corr. Facility; MR. LADUE, Sergeant,
in his official and individual capacity;
CLINT LOREN, C.O., in his official and
individual capacity; RANDY HANSON, C.O.,
in his official and individual capacity; ANNE
ECKERT, Nurse Administrator, Ulster Corr. Fac.,
in her official and individual capacity; and MARGE
BYRNES, Nurse Administrator, Downstate Corr.
Fac., in her official and individual capacity,

                        Defendants.[1]

---

**ATTORNEYS**                                  **OF COUNSEL**

**GOLDING & ASSOCIATES**            **KEVIN S. GOLDING, ESQ.**
299 Broadway, Suite 710
New York, New York 10007
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**        **MARIA MORAN, AAG**
**STATE ATTORNEY GENERAL**
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2455
Attorneys for Defendants

**SCULLIN, Chief Judge**

---

[1] In his amended complaint, Plaintiff also asserted claims against Glenn S. Goord. *See* Dkt. No. 50. By Stipulation and Order dated June 16, 2004, this Court so ordered the parties' stipulation to dismiss Plaintiffs' claims against Defendant Goord with prejudice. *See* Dkt. No. 96.

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

On November 30, 1998, Plaintiff filed his complaint in this action in the United States District Court for the Southern District of New York.[2] On August 1, 2002, he filed an amended complaint, pursuant to 42 U.S.C. § 1983, in which he alleged (1) that Defendants Ladue, Loren, and Hanson were negligent in handcuffing his wrists too tightly and thereby causing him injury; (2) that Defendants Ladue, Loren and Hanson were negligent in refusing his request to loosen the handcuffs; and (3) that Defendants Ladue, Loren, Hanson, Eckert, Byrnes, and two "John Doe" Defendants violated his Eighth Amendment rights by refusing to provide him with prompt medical care for his injuries. *See* Dkt. No. 50. Although Plaintiff sought compensatory and punitive damages against Defendants Ladue, Loren and Hanson, he did not request any specific relief from the other Defendants. *See id.*

Thereafter, on August 25, 2003, Defendants filed several motions to dismiss and/or for summary judgment. *See* Dkt. Nos. 72, 79, 81. Specifically, Defendants Ladue, Loren, and Hanson moved to dismiss Plaintiff's amended complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative for summary judgment. *See* Dkt. No. 72. In support of their motion, they argued (1) that Plaintiff had failed to exhaust his administrative remedies, (2) that the Eleventh Amendment barred suits against them as state actors acting in their official capacities, and (3) that Plaintiff failed to state a cause of action against them. Defendants Eckert and Byrnes moved to dismiss Plaintiff's amended complaint, pursuant to Rule

---

[2] By Order dated February 26, 1999, Judge Griesa transferred the matter to this District. *See* Dkt. No. 3.

12(b)(6), arguing that Plaintiff had failed to state a cause of action against them. *See* Dkt. Nos. 79, 81.

Currently before the Court are Magistrate Judge Lowe's April 4, 2005 Report-Recommendation, in which he recommended that this Court dismiss Plaintiff's amended complaint in its entirety, and Plaintiff's objections thereto.[3]

## II. BACKGROUND

Between August 31, 1998 and September 1, 1998, Plaintiff was transported from Riverview Correctional Facility to Elmira Correctional Facility. While en route, Plaintiff's bus made several stops at various correctional facilities. Defendants Ladue, Loren, and Hanson, a sergeant and two corrections officers, respectively, accompanied Plaintiff from Watertown Correctional Facility to Oneida Correctional Facility. Plaintiff alleges that, during this part of the trip, these Defendants handcuffed him too tightly, causing swelling, abrasions, and bleeding to his wrists. In addition, Plaintiff alleges that Defendants refused his requests to loosen the handcuffs and his request for medical attention both while en route and during a stop at Oneida

---

[3] In a subsequent Order, dated June 16, 2005, Magistrate Judge Lowe stated that the submission that Plaintiff characterized as an Objection was, in reality, a request for leave to file an amended complaint. *See* Dkt. No. 107. Alternatively, Magistrate Judge Lowe noted that, if the Court were to construe Plaintiff's submission as an Objection, Plaintiff had not timely filed it because he filed it sixteen days after the filing of the Report-Recommendation to which it pertained. *See id.*

With respect to the issue of the timeliness of Plaintiff's submission, the Court notes that it appears that Plaintiff did, in fact, file his Objection in a timely fashion. Under the "mailbox rule," a court considers a prisoner's papers filed at the moment that the prisoner delivers them to prison authorities. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (citation omitted). In the present case, it appears that Plaintiff delivered his Objection to prison officials on April 15, 2005, within the ten-day period allowed for the filing of objections to report-recommendations.

Correctional Facility. Finally, Plaintiff contends that Defendants denied his repeated requests for medical attention during stopovers at Ulster Correctional Facility and Downstate Correctional Facility, where Defendants Eckert and Byrnes worked as nurse-administrators, respectively.

Plaintiff filed an initial grievance regarding these incidents at Elmira Correctional Facility on September 14, 1998. On October 9, 1998, Elmira Correctional Facility's First Deputy Superintendent, Dana M. Smith, informed Plaintiff that his grievance would be closed and dismissed and that he should file his grievance with Watertown Correctional Facility and/or Downstate Correctional Facility. Plaintiff requested a copy of his grievance on October 12, 1998, and received the requested copy, together with a statement that his grievance was granted insofar as he was directed to forward the grievance to Watertown Correctional Facility. Shortly after receiving this document, Plaintiff filed his original complaint in this action on November 30, 1998.

### III. DISCUSSION

**A.     Standard of review**

A court reviews *de novo* those findings and recommendations in a magistrate judge's report-recommendation to which a party has filed timely objections and for clear error those parts of the report-recommendation to which a party does not object. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72; *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

Although Plaintiff characterizes his response to Magistrate Judge Lowe's Report-Recommendation as an "Objection," he does not assert any specific objections to any of Magistrate Judge Lowe's findings or recommendations. Rather, he argues that his counsel has

been ineffective in prosecuting this case, has failed to submit his amended complaint to the Court, and has not communicated with him. *See* Dkt. No. 103, Plaintiff's Objection, dated April 15, 2005, at 1-2. Moreover, Plaintiff requests that this Court review his proposed amended complaint as part of its consideration of his claims. *See id.* at 1.

**B.   Plaintiff's claims against the "John Doe" Defendants**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a defendant can move for dismissal of a complaint on the grounds that the plaintiff failed to prosecute the claim or failed to comply with a court order. *See* Fed. R. Civ. P. 41(b). In addition, the court has the authority to dismiss a claim even in the absence of such a motion. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) (citation omitted). A plaintiff's failure to prosecute his claims justifies such a dismissal. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 667 (2d Cir. 1980) (citations omitted). Moreover, in dismissing a complaint for failure to prosecute, a federal court has substantial discretion. *See Ali v. A & G Co., Inc.*, 542 F.2d 595, 596 (2d Cir. 1976) (citation omitted).

With respect to the two "John Doe" Defendants, Magistrate Judge Lowe noted that it had been six years since Plaintiff filed his original complaint in this action and that he had made no progress or apparent effort to identify these individuals. *See* Report-Recommendation at 6. Moreover, Magistrate Judge Lowe noted that Plaintiff had failed to identify these Defendants despite his Order that Plaintiff take reasonable and expeditious steps to do so. *See id.* Finally, he noted that Plaintiff's counsel had a long history of non-prosecution of this case "as evidenced by

his numerous extension requests." *See id.* (citing Dkt. Nos. 30, 41, 64, 97) (footnote omitted).[4] Therefore, Magistrate Judge Lowe recommended that this Court, *sua sponte*, dismiss Plaintiff's claims against the "John Doe" Defendants with prejudice on the ground that he had failed to prosecute these claims. *See id.* at 6, 19.

As Magistrate Judge Lowe explained, the record in this case demonstrates Plaintiff's longstanding failure to prosecute his claims against the "John Doe" Defendants. Moreover, there is no indication in the record that Plaintiff is any closer today to identifying these individuals than he was when he filed his original complaint. Accordingly, the Court concludes that Magistrate Judge Lowe's recommendation is well-founded and, therefore, adopts this recommendation and, *sua sponte*, dismisses Plaintiff's claims against the "John Doe" Defendants with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

## C.   Eleventh Amendment Immunity

"The Eleventh Amendment, with few exceptions, bars federal courts from entertaining

---

[4] Specifically, Magistrate Judge Lowe noted that "plaintiff's response to the motions currently under consideration was late, it cited New York State authority which is not binding on this Court, and it lacked a response to defendants' Statement of Material Facts, which is required under Local Rule 7.1.(a). Further, plaintiff's counsel seems to have spent greater effort in his failed attempt to secure his own removal from the case rather than he has in prosecuting it." *See* Report-Recommendation at 6 n.5.

The Court reminds Plaintiff's counsel that, as an officer of this Court, he has an obligation to proceed in a professional and competent manner with respect to all actions in which he is involved in this Court. The conduct that Magistrate Judge Lowe addresses in his Report-Recommendation as evidence of counsel's failure to prosecute Plaintiff's claims against the "John Doe" Defendants, at least arguably, does not meet this standard. Accordingly, the Court hereby places Plaintiff's counsel on notice that it will not hesitate to sanction him in the future if he conducts himself in a similar manner.

suits brought by a private party against a state in its own name." *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 529 (2d Cir. 1993) (citations omitted). However, whether an individual state official is entitled to invoke Eleventh Amendment immunity "depends initially on the capacity in which he is sued." *Id.* "To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Id.* (citations omitted). "As to a claim brought against him in his individual capacity, however, the state official has no Eleventh Amendment immunity." *Id.* (citations omitted).

Based upon these well-established principles, Magistrate Judge Lowe recommended that this Court grant Defendants' motion for summary judgment to the extent that Plaintiff sued Defendants in their official capacities. *See* Report-Recommendation at 8. The Court agrees with, and therefore adopts, this recommendation and grants Defendants' motion for summary judgment with respect to Plaintiffs' claims against them insofar as he sues them in their official capacities.

**D.   Plaintiff's failure to exhaust his administrative remedies**

To determine if a prisoner exhausted his available administrative remedies prior to filing a complaint pursuant to § 1983 in federal court, as the Prison Litigation Reform Act ("PLRA") requires, the court must ask (1) if those remedies were actually available to the prisoner at the time of his grievance proceedings; (2) if the defendants forfeited the affirmative defense of non-exhaustion by failing to raise it, failing to preserve it, or inhibiting the prisoner's use of the remedies; and (3) if any special circumstances justified the prisoner's failure to exhaust all of his

available remedies. *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (citations omitted). For purposes of this inquiry, a remedy is not available to a prisoner if the prison officials prevented him from using that particular remedy. *See Abney v. McGinnis*, 380 F.3d 663, 669 (2d Cir. 2004) (citations omitted). Moreover, if prison officials erroneously informed a prisoner that his complaint was not grievable or that it was only grievable through other means, the court will conclude that those officials prevented the prisoner from using that remedy. *See Giano v. Goord*, 380 F.3d 670, 677 n.6 (2d Cir. 2004) (citations omitted).

Although Magistrate Judge Lowe concluded that Plaintiff had not exhausted all of his available administrative remedies, he, nonetheless, noted that there was considerable question as to whether all of these remedies were, in fact, available to Plaintiff. *See* Report-Recommendation at 10. In this regard, Magistrate Judge Lowe found that there was a least a possibility that the officials at Elmira Correctional Facility misled Plaintiff into believing that he could not pursue his grievance at that facility, when, in fact, New York regulations require that an inmate file his grievances at the facility where he is housed at the time, in this case, Elmira Correctional Facility. *See id.* at 12. Additionally, Magistrate Judge Lowe noted that the officials at Elmira Correctional Facility informed Plaintiff that his grievance was granted, which could have led Plaintiff to believe, and to reasonably rely on the belief, that he had nothing to appeal. *See id.* at 12-13. Therefore, because he concluded that there remained considerable questions as to whether there were administrative remedies available to Plaintiff, Magistrate Judge Lowe recommended that this Court deny Defendants' motion on the ground that Plaintiff had failed to

exhaust his administrative remedies. *See id.* at 13.[5]

The Court agrees with Magistrate Judge Lowe's conclusion that there are issues of fact that preclude the Court from granting Defendants' motion on this ground. Accordingly, the Court adopts that recommendation and denies Defendants' motion for summary judgment based upon their argument that Plaintiff failed to comply with the PLRA's exhaustion requirements.

**E.     Defendants Ladue's, Lauren's and Hanson's motion for summary judgment**

   ***1. Summary judgment standard***

A court may grant summary judgment when the moving party carries its burden of showing the absence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56(c). In making this determination, the court must resolve all ambiguities and draw all reasonable inferences in a light most favorable to the non-moving party. *See Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citation omitted). If the moving party has met its burden, the nonmoving party may not rely upon his pleadings but must come forward with specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). "A dispute is not 'genuine' unless 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *N.Y. Stock Exch., Inc. v. N.Y., N.Y. Hotel, LLC*, 293 F.3d 550, 554 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

---

[5] Defendants did not file any objections to this recommendation.

### *2. Plaintiff's Eighth Amendment claim that Defendants Ladue, Loren and Hanson failed to provide him with necessary medical care for his injuries*

Under the Eighth Amendment, "'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny . . . .'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling*, 509 U.S., at 31, 113 S. Ct., at 2480). Prison officials have a duty to provide humane conditions of confinement, including adequate medical care. *See id.* (citations omitted).

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976)). A medical need is considered to be sufficiently serious if "'a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quotation omitted). Factors that courts consider in determining whether a medical need is sufficiently serious include "'[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Chance*, 143 F.3d at 702 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)) (other citation omitted).

To establish the second or subjective prong of an Eighth Amendment deliberate indifference claim, a plaintiff must demonstrate that the defendants acted with deliberate indifference to his health and safety. Deliberate indifference is established when an individual is

aware of a substantial risk to another's health or safety, consciously disregards the substantial risk, and could draw the inference that a substantial risk of serious harm exists based upon the situation. *See Farmer*, 511 U.S. at 837. However, a claim that negligence or medical malpractice has occurred is insufficient to establish a violation of the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

With respect to the first element of Plaintiff's "deliberate indifference" claims, i.e., that Plaintiff suffered a serous injury, Magistrate Judge Lowe concluded that Plaintiff's injuries were not serious but, rather, appeared to be superficial in nature. *See* Report-Recommendation at 14. Specifically, he found that, despite Plaintiff's description of his injuries in his amended complaint, the record indicated that he only needed bandages and ointment and required no follow-up care. *See id.* Moreover, with respect to the second element of these claims, Magistrate Judge Lowe found that the record indicated that Defendants Ladue, Loren and Hanson were no longer with Plaintiff at the time he requested medical care and, therefore, could not have deprived him of that care. *See id.* at 15.[6] Based upon these findings, Magistrate Judge Lowe recommended that this Court grant Defendants Ladue's, Lauren's and Hanson's motion for summary judgment with regard to Plaintiff's Eighth Amendment deliberate indifference claims.

Having reviewed the record, the Court concludes that Magistrate Judge Lowe correctly found that Defendants had met their burden to show that no genuine issue of material fact existed with respect to these claims. First, Plaintiff offered no evidence to show that his injuries rose above the superficial level indicated in the record. Additionally, Plaintiff presented no evidence

---

[6] Magistrate Judge Lowe also noted that Plaintiff's amended complaint did not specifically state which of the Defendants had denied him medical care. *See* Report-Recommendation at 15 (citing Dkt. No. 50 at ¶¶ 15-19).

to demonstrate that these Defendants deprived him of any medical care. In fact, the record indicates that Defendants Ladue, Loren and Hanson were not with Plaintiff at the time that he requested medical care and, therefore, could not have denied him such care, let alone have been deliberately indifferent to his requests for such care. Accordingly, the Court adopts Magistrate Judge Lowe's recommendation and grants Defendants Ladue's, Lauren's and Hanson's motion for summary judgment with respect to Plaintiff's Eighth Amendment claims against them.

### F.  Defendants Eckert's and Brynes' motions to dismiss Plaintiff's claims against them

*1. Standard of review*

A court may grant a motion to dismiss only where "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)) (other citation omitted). In deciding a motion to dismiss, "the court must accept the material facts alleged in the complaint as true." *Id.* (citing *Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1733, 12 L. Ed. 2d 1030 (1964) (per curiam)). Nonetheless, dismissal is appropriate when the complaint offers only general or conclusory allegations that the defendants violated the plaintiff's rights. *See Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987) (citations omitted). Therefore, to withstand a motion to dismiss, the plaintiff's complaint must specifically identify who violated his rights, when the violation occurred, how the violation occurred, and how the violation harmed the plaintiff. *See Phelps v. Kapnolas*, 308 F.3d 180, 187 n.6 (2d Cir. 2002).

### *2. Plaintiff's claims against Defendants Eckert and Byrnes*

As an initial matter, Magistrate Judge Lowe found that Plaintiff had failed to allege any specific claims against either Defendant Eckert or Defendant Byrnes. *See* Report-Recommendation at 16. Specifically, he noted that nowhere in his amended complaint did Plaintiff allege any material fact that the Court could construe as a claim against either Defendant. *See id.* Additionally, he found that Plaintiff had not alleged how or when either Defendant allegedly violated his rights. *See id.* Furthermore, he noted that Plaintiff had not asserted that he had ever spoken to, or had any contact with, either Defendant. *See id.* at 17. Moreover, Magistrate Judge Lowe concluded that Plaintiff implicitly acknowledged that Defendant Byrnes lacked any knowledge of either his medical condition or his needs and that he failed to allege that Defendant Byrnes denied him medical care. *See id.* Finally, with specific reference to Defendant Eckert, Magistrate Judge Lowe found that there was no evidence in the record that she was present during any of the events in question. *See id.* at 18. Therefore, based upon the lack of specificity in Plaintiff's amended complaint, Magistrate Judge Lowe recommended that this Court grant Defendants Eckert's and Byrnes' motions to dismiss Plaintiff's claims against them with prejudice. *See id.*

Having reviewed the record in its entirety, the Court concludes, as Magistrate Judge Lowe did, that the record in this case contains no evidence that either Defendant Byrnes or Defendant Eckert violated Plaintiff's rights in any manner. Indeed, as Magistrate Judge Lowe noted, Plaintiff has not come forward with any evidence to show that he ever had any direct contact with either of these Defendants. Accordingly, the Court adopts Magistrate Judge Lowe's recommendation and grants Defendants Byrnes' and Eckert's motions to dismiss Plaintiff's claims

against them.

### G. Defendants Ladue's, Loren's and Hanson's motion to dismiss Plaintiff's negligence claims against them

Courts do not recognize negligence as a basis for a cause of action upon which a court can grant relief under § 1983. *See Salim v. Proulx*, 93 F.3d 86, 92 (2d Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 663, 88 L. Ed. 2d 662 (1986)) (other citation omitted). However, pursuant to 28 U.S.C. § 1367, a federal court may exercise jurisdiction over a state law claim, such as negligence, when that claim is substantially related to the federal claim that established the basis for the federal court's original jurisdiction. Nonetheless, if a federal court dismisses all of the federal claims in a complaint, it has the discretion to, and generally should, dismiss the related state claims without prejudice. *See Castellano v. Bd. of Trustees of Police Officers' Variable Supplements Fund*, 937 F.2d 752, 758 (2d Cir. 1991) (citing [*United Mine Workers v. Gibbs*, 383 U.S. 715] at 726, 86 S. Ct. at 1139) (other citation omitted). The decision to dismiss related state claims requires the court to weigh several factors, including judicial efficiency, fairness, comity, and convenience. *See id.* (citation omitted). Moreover, to protect the plaintiff's ability to bring the state claims in a state court if the federal court dismisses those claims after the expiration of the applicable state statute of limitations, § 1367(d) tolls the statute of limitations for any such claims while they are "pending and for a period of 30 days after [they are] dismissed . . . ." 28 U.S.C. § 1367(d).

Addressing Defendants' contention that Plaintiff's negligence claims failed to state a claim upon which this Court could grant relief, Magistrate Judge Lowe limited his discussion to

-14-

the recognition that claims of negligence are insufficient to support a § 1983 cause of action. *See* Report-Recommendation at 18. Accordingly, Magistrate Judge Lowe recommended that this Court grant Defendants Ladue's, Loren's and Hanson's motion to dismiss Plaintiff's claims of negligence against them. *See id.* at 19.

There is no question that, to the extent that Plaintiff's negligence claims form a basis for his § 1983 claims against these Defendants, the Court must dismiss these claims. However, Plaintiff's amended complaint, which is very poorly drafted, is unclear as to whether he intended to assert that Defendants' negligence violated his Constitutional rights or whether he intended to assert separate and distinct state claims for negligence and, thereby, invoke this Court's supplemental jurisdiction over such claims pursuant to § 1367. Drawing all reasonable inferences in Plaintiff's favor, as it must when considering a motion to dismiss, the Court concludes that Plaintiff intended to assert state law negligence claims against these Defendants in addition to his Eighth Amendment claims under § 1983 against these same Defendants arising from the same incidents.

Even viewing Plaintiff's negligence causes of action in this way, however, does not spare them from dismissal. Although these claims have been pending in this Court for more than six years, this case remains in its initial stages procedurally. Thus far, this Court's involvement has been minimal, e.g., merely addressing requests for extensions of time, requests to amend the complaint, the parties' stipulations, and the motions that are the subject of this Memorandum-Decision and Order. Moreover, the parties have not engaged in any significant discovery. Most importantly, the Court's dismissal of these claims without prejudice pursuant to § 1367 will not prejudice Plaintiff because he will have thirty days from the date of this Memorandum-Decision

and Order to commence an action based upon these claims in the appropriate New York State court. Accordingly, the Court dismisses Plaintiff's state law negligence claims against Defendants Ladue, Loren and Hanson **without prejudice** pursuant to its discretion under § 1367.

**H.     Plaintiff's request to amend his amended complaint**

Courts generally grant a plaintiff's motion for leave to amend his complaint unless (1) he has unduly delayed his request to amend, (2) he seeks the amendment for dilatory purposes or in bad faith, (3) the court's granting of his request to amend would cause undue prejudice to the defendants, or (4) his proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

As noted, in response to Plaintiff's filing of a document that he characterized as an "Objection," Magistrate Judge Lowe issued an Order, in which, after construing this submission as a motion for leave to amend the amended complaint, he denied that motion. *See* Dkt. No. 107. He based his denial on his finding that Plaintiff unduly delayed his request to amend his amended complaint because more than six years had passed since Plaintiff had filed his original complaint in this action, had successfully moved to amend his original complaint in August 2002, and had filed the instant motion to amend only after the issuance of the Report-Recommendation that is currently before this Court. *See* Order, dated June 16, 2005, at 2-3. Alternatively, Magistrate Judge Lowe concluded that granting Plaintiff's motion to amend would prejudice Defendants because they had had to endure this litigation for more than six years and, having finally prevailed, they should not be subjected to additional litigation. *See id.* at 3. As a third ground for denying Plaintiff's motion, Magistrate Judge Lowe concluded that Plaintiff's proposed

amendment would be futile because it failed to address any of the inadequacies that Magistrate Judge Lowe had identified in his Report-Recommendation. *See id.* Finally, Magistrate Judge Lowe noted that the motion improperly cited non-binding New York civil practice rules, rather than federal rules, did not comply with this District's Local Rules as to content, and failed to identify the defendants against whom he proposed to assert his claims. *See id.* at 3-4.

The Court agrees with, and therefore adopts, Magistrate Judge Lowe's reasoning and conclusions regarding Plaintiff's attempt to request leave to amend his amended complaint. Accordingly, to the extent that Plaintiff's "Objection" can be construed to include a request for leave to amend his amended complaint, the Court denies that request.

### IV. CONCLUSION

After carefully considering Magistrate Judge Lowe's April 4, 2005 Report-Recommendation and his June 16, 2005 Order, Plaintiff's objections, the relevant parts of the record, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Lowe's Report-Recommendation, dated April 4, 2005, is **ADOPTED IN ITS ENTIRETY**; and the Court further

**ORDERS** that Magistrate Judge Lowe's Order, dated June 16, 2005, is **AFFIRMED**; and the Court further

**ORDERS** that Plaintiff's claims against the "John Doe" Defendants are **SUA SPONTE DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute these claims; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's § 1983 claims against them in

their official capacities is **GRANTED**; and the Court further

**ORDERS** that Defendants Ladue's, Loren's and Hanson's motion for summary judgment with regard to Plaintiff's Eighth Amendment claims against them is **GRANTED**; and the Court further

**ORDERS** that Defendants Eckert's and Byrnes' motions to dismiss all of Plaintiff's claims against them are **GRANTED**; and the Court further

**ORDERS** that Defendants Ladue's, Loren's and Hanson's motion to dismiss Plaintiff's negligence claims against them is **GRANTED** and, insofar as those claims form the basis for Plaintiff's Eighth Amendment claims, pursuant to § 1983, they are **DISMISSED WITH PREJUDICE** and, insofar as those claims constitute separate and distinct state law claims, they are **DISMISSED WITHOUT PREJUDICE** pursuant to the Court's discretion under § 1367; and the Court further

**ORDERS** that Plaintiff's request to amend his amended complaint is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment against Plaintiff and in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: September 13, 2005
      Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Chief United States District Court Judge